**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| JOHN DOE AM, JOHN DOE DS, JOHN DOE DZ, JOHN DOE DN, JOHN DOE PJ, and JOHN DOE PT,<br><br>Plaintiffs,<br><br>vs.<br><br>BOY SCOUTS OF AMERICA and DANIEL WEBSTER COUNCIL, INC., BOY SCOUTS OF AMERICA,<br><br>Defendants. | Case No. 1:20-cv-00252-JL |

**NOTICE OF ENTRY OF CONFIRMATION ORDER APPROVING**
**THE EXTENSION OF THE TERMINATION DATE OF THE BSA'S PRELIMINARY**
**INJUNCTION PURSUANT TO 11 U.S.C. §§ 105(a) AND 362**

Defendant Boy Scouts of America (the "BSA"), by and through the undersigned counsel, hereby provides notice of the entry of the *Supplemental Findings of Fact and Conclusions of Law and Order Confirming the Third Modified Fifth Amended Chapter 11 Plan of Reorganization (with Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Case No. 20-10343 (LSS) (Bankr. D. Del., Docket No. 10316] (the "Confirmation Order").

On September 8, 2022 (the "Confirmation Date"), the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered the Confirmation Order, under which the Bankruptcy Court confirmed the *Third Modified Fifth Amended Chapter 11 Plan of*

*Reorganization (With Technical Modifications) for Boy Scouts of America and Delaware BSA, LLC* [Dkt. No. 10296] (the "Plan").[1]

The Confirmation Order and Plan **further extend the stay of proceedings in this action as against Defendant Daniel Webster Council, Boy Scouts of America, Incorporated until the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date with respect to Abuse Claims against Participating Chartered Organizations (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement).** *See* **Confirmation Order ¶ 29, Plan Art. X.D.**

A true and correct copy of the Confirmation Order, the Plan, and all other BSA bankruptcy pleadings may be obtained at https://omniagentsolutions.com/BSA.

## STATUS OF THE EFFECTIVE DATE

1.     The Effective Date of the Plan has not yet occurred.  The Plan will become effective in accordance with its terms on the date on which all conditions precedent to the Effective Date set forth in Article IX.B of the Plan have been satisfied or waived as provided in Article IX.C of the Plan.  The Debtors will provide notice of the Effective Date of the Plan once it occurs.

## BACKGROUND

2.     On February 18, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") were filed in the Bankruptcy Court by the BSA and Delaware BSA, LLC (together with the BSA, the "BSA Debtors") (Case No. 20-10343) (LSS) (Jointly Administered).

---

[1]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Order Approving Sixth Stipulation (as defined herein) or the Plan, as applicable.

3. On the Petition Date, the BSA commenced an adversary proceeding in the Bankruptcy Court by filing a Verified Complaint for Injunctive Relief (Adv. Proc. Case No. 20-50527, Adv. Dkt. No. 1) pursuant to Federal Rules of Bankruptcy Procedure 7001(7) and 7065 and sections 105(a) and 362 of the Bankruptcy Code. Also on the Petition Date, the BSA filed a Motion for Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 (Adv. Proc. Case No. 20-50527, Adv. Dkt. No. 6, the "Preliminary Injunction Motion"), seeking a preliminary injunction over certain actions pending around the country (the "Pending Abuse Actions"), as against certain non-debtor co-defendants.

4. On March 5, 2020, the United States Trustee for the District of Delaware appointed two official statutory committees: (i) an Official Committee of Unsecured Creditors (the "UCC"); and (ii) an Official Committee of Tort Claimants (the "TCC," together with the UCC, the "Committees").

5. Following the formation of the Committees, the BSA and the Committees engaged in good-faith, arm's-length negotiations regarding the relief sought in the Preliminary Injunction Motion. As a result of these negotiations, the BSA and the Committees, upon consultation with other interested parties, reached an agreement on the terms of a consent order.

6. On March 30, 2020, the Bankruptcy Court entered the *Consent Order Pursuant to 11 U.S.C. §§ 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction*, Adv. Pro. No. 20-50527 (LSS) [Adv. Dkt. No. 54] (the "Consent Order"). Under the Consent Order, the Pending Abuse Actions and additional actions filed after the Petition Date (the "Further Abuse Actions"), as such Pending Abuse Actions and Further Abuse Actions are identified on Schedule 1 to the Consent Order, were stayed up to and including 11:59 p.m. (prevailing Eastern Time) on

May 18, 2020 (the "Termination Date"), with respect to those certain non-debtor entities identified on Schedule 2 to the Consent Order.

7.      On May 18, 2020, following further negotiations among the BSA and the Committees, the Bankruptcy Court entered the *Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Extending the Termination Date of the Standstill Period Under the Consent Order Granting the BSA's Motion for a Preliminary Injunction*, Adv. Pro. No. 20-50527 (LSS) [Adv. Dkt. No. 72], extending the Termination Date up to and including 11:59 p.m. (prevailing Eastern Time) on June 8, 2020 as to the Pending Abuse Actions and the Further Abuse Actions.

8.      On June 9, 2020, following further negotiations among the BSA and the Committees, the Bankruptcy Court entered the *Second Stipulation and Agreed Order By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*, Adv. Proc. Case No. 20-50527 (LSS) (Bankr. D. Del.) [Adv. Dkt. No. 77], further extending the Termination Date up to and including 11:59 p.m. (prevailing Eastern Time) on November 16, 2020 as to the Pending Abuse Actions and the Further Abuse Actions.

9.      On November 18, 2020, following further negotiations among the BSA and the Committees, the Bankruptcy Court entered the *Order Approving Third Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for*

*a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*, Adv. Proc. Case No. 20-50527 (LSS) (Bankr. D. Del.) [Adv. Dkt. No. 116], further extending the Termination Date up to and including 11:59 p.m. (prevailing Eastern Time) on March 19, 2021 as to the Pending Abuse Actions and Further Abuse Actions.

10.     On March 17, 2021, following further negotiations among the BSA and the Committees, the Bankruptcy Court entered *Order Approving Fourth Stipulation By and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*, Adv. Proc. Case No. 20-50527 (LSS) (Bankr. D. Del.) [Adv. Dkt. No. 162], further extending the Termination Date up to and including 11:59 p.m. (prevailing Eastern Time) on July 19, 2021 as to the Pending Abuse Actions and Further Abuse Actions.

11.     On June 24, 2021, following further negotiations among the BSA and the Committees, the BSA and the Committees entered into the *Fifth Stipulation by and Among the Boy Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*, Adv. Proc. Case No. 20-50527 (LSS) (Bankr. D. Del.) [Adv. Dkt. No. 178-1] (the "Fifth Stipulation"), which provided for, upon approval by the Bankruptcy Court, an extension of the Termination Date up to and including the earlier of: (a) October 28, 2021; and (b) the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming

or denying confirmation of the Plan, except that, notwithstanding the foregoing, if on or before the extended Termination Date the TCC was a party to a filing with the Bankruptcy Court that evidences its support for the Plan, the extended Termination Date would be the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan.

12.     On July 1, 2021 the Debtors filed the *Debtors' Motion For Entry of an Order, Pursuant to Sections 363(b) and 105(a) of The Bankruptcy Code, (I) Authorizing the Debtors to Enter Into and Perform Under the Restructuring Support Agreement, and (II) Granting Related Relief* (the "RSA Approval Motion").  The RSA Approval Motion sought approval of the Debtors' entry into a Restructuring Support Agreement to which the TCC is a party; accordingly, the filing of the RSA Approval Motion triggered the above-referenced provision in the Fifth Stipulation providing for an Extended Termination Date up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan.

13.     On July 21, 2021, the Bankruptcy Court entered the Order Approving Fifth Stipulation, further extending the Termination Date up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan.

14.     On August 27, 2021, the Restructuring Support Agreement expired by its terms. Accordingly, because the TCC was no longer party to a filing evidencing its support for the Plan, the extended Termination Date reverted to October 28, 2021.

15.     On October 3, 2021, following further negotiations among the BSA and the Committees, the BSA and the Committees entered into the *Sixth Stipulation by and Among Boy*

*Scouts of America, the Official Committee of Survivors of Abuse, and the Official Committee of Unsecured Creditors Modifying the Consent Order Granting the BSA's Motion for a Preliminary Injunction Pursuant to 11 U.S.C. §§ 105(a) and 362 and Further Extending the Termination Date of the Standstill Period*, Adv. Proc. Case No. 20-50527 (LSS) (Bankr. D. Del.) [Adv. Dkt. No. 193] (the "Sixth Stipulation"), providing for, upon approval by the Bankruptcy Court, an extension of the Termination Date up to and including the date of the first omnibus hearing after the Bankruptcy Court issues its decision confirming or denying confirmation of the Plan.

16.    Since the entry of the Consent Order, and consistent with its terms, Schedules 1 and 2 thereto have been amended several times, and are routinely amended about every thirty (30) days as provided for in the Consent Order.

17.    On September 8, 2022 (the "Confirmation Date"), the Bankruptcy Court entered the Confirmation Order confirming the Plan.

18.    Among other things, paragraph 29 of the Confirmation Order and Article X.D of the Plan set forth the terms of the "Post-Confirmation Interim Injunction," which provides:

> All injunctions and stays arising under or entered during the Chapter 11 Cases, whether under sections 105 or 362 of the Bankruptcy Code or otherwise, and in existence on the Confirmation Date shall remain in full force and effect until the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement).  To the extent not otherwise in place, pending the occurrence of the Release Date (as defined in the applicable Insurance Settlement Agreement), the United Methodist Release Effective Date (as defined in the United Methodist Settlement Agreement), or other release date set forth in any other settlement agreement, any Claim that would be released or subject to the Channeling Injunction upon the occurrence of conditions set forth herein and in any applicable settlement agreement (including the occurrence of the Release Date or similar defined term (as defined in the applicable settlement agreement) shall be stayed and enjoined pending satisfaction of such conditions (the "Post-Confirmation Interim Injunction").  To the extent not otherwise in place, until the occurrence of the Limited Protected Party Injunction Date, any Claim against a

Participating Chartered Organization shall be stayed and enjoined pending satisfaction of such conditions. The Post-Confirmation Interim Injunction shall permit the filing, but not the prosecution, of the Abuse Claims. The injunctions and stays referenced in this Article X.D include the preliminary injunction imposed by the Consent Order Pursuant to 11 US.C. § 105(a) and 362 Granting the BSA's Motion for a Preliminary Injunction entered by the Bankruptcy Court on March 30, 2020 (Adv. Pro. No. 20-50527, Docket No. 54). Solely with respect to the United Methodist Entities, the Post-Confirmation Interim Injunction shall remain in full force and effect until the earliest to occur of the United Methodist Release Effective Date or the United Methodist Release Termination Date (as those terms are defined in the United Methodist Settlement Agreement).

Because the Confirmation Date has occurred, the Post-Confirmation Interim Injunction is now in effect and, among other things, extends the Termination Date until the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date with respect to Abuse Claims against Participating Chartered Organizations (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement), as set forth above.

### NOTICE OF ENTRY OF THE POST-CONFIRMATION INTERIM INJUNCTION

19.     Paragraph 29 of the Confirmation Order and Article X.D of the Plan set forth the terms of the Post-Confirmation Interim Injunction extending the Termination Date and the stay as to each of the Pending Abuse Actions and Further Abuse Actions, including this action, identified in Schedule 1 as most recently filed on August 2, 2022 [Adv. Proc. Docket No. 228] (as may be further amended).

20.     The period beginning on the Petition Date and ending on the Termination Date as set forth above shall not be included in computing the running of any time periods with respect to any deadline in any Pending Abuse Action or Further Abuse Action, and all claims, defenses,

rights and privileges with respect thereto shall be preserved and remain viable to the same extent as they existed as of the Petition Date.  *See* Plan Art. X.D; Confirmation Order ¶ 29.

21.     The entry of the Confirmation Order and approval of the Plan is without prejudice to the BSA's right to seek further extensions of the Termination Date and any party's right to object thereto.

## APPLICABILITY OF THE CONFIRMATION ORDER AND PLAN TO THIS ACTION

22.     The BSA hereby provides further notice that upon entry of the Confirmation Order, this action has been and continues to be stayed pursuant to the extension of the Termination Date in accordance with the Post-Confirmation Interim Injunction as against Defendant **Daniel Webster Council**, **Boy Scouts of America, Incorporated**.  This action is identified as a Pending Abuse Action or Further Abuse Action on Schedule 1 as filed on August 2, 2022 [Adv. Pro. Docket No. 228] (or as has been or may be further amended), and Defendant **Daniel Webster Council**, **Boy Scouts of America, Incorporated** is identified on Schedule 2 as filed on August 4, 2022 [Adv. Pro. Docket No. 229] (or as has been or may be further amended).

23.     Accordingly, the BSA hereby provides further notice that the prosecution of any and all claims against the Defendant **Daniel Webster Council**, **Boy Scouts of America, Incorporated** in this action are stayed up until the latest to occur of, as applicable: the Effective Date, the Release Date (as defined in the applicable Insurance Settlement Agreement or other settlement agreement), and the Limited Protected Party Injunction Date with respect to Abuse Claims against Participating Chartered Organizations (which Limited Protected Party Injunction Date shall be no later than one (1) year following the Effective Date except as provided in the Settlement Trust Agreement).[2]

---

[2]     The claims and causes of action against the BSA itself are, and will continue to be, automatically stayed pursuant to 11 U.S.C. § 362 as a result of its bankruptcy filing.

BOY SCOUTS OF AMERICA and DANIEL WEBSTER
COUNSEL, INC., BOY SCOUTS OF AMERICA

By their attorneys,

McLANE MIDDLETON, PROFESSIONAL
ASSOCIATION

Dated:  November 16, 2022        By: /s/ Wilbur A. Glahn, III
                                      Wilbur A. Glahn, III, Bar No. 937
                                      bill.glahn@mclane.com
                                      Michael A. Delaney, Bar No. 10504
                                      michael.delaney@mclane.com
                                      900 Elm Street, P.O. Box 326
                                      Manchester, NH 03105
                                      bill.glahn@mclane.com
                                      (603) 625-5650

## Certificate of Service

I certify that I served the foregoing Notice electronically through the Court's electronic filing system upon all counsel of record.

                                       /s/ Wilbur A. Glahn, III
                                       Wilbur A. Glahn, III